**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7637 PSG (JEMx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust, NA v. Emeterio Santiago, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):              Attorneys Present for Defendant(s):

Not Present                                                      Not Present

**Proceedings:**     **(In Chambers) Order REMANDING Case to State Court**

On December 9, 2009, Plaintiff Deutsche Bank National Trust, NA ("Plaintiff") filed this unlawful detainer action in state court against Defendants Emeterio Santiago, Yolanda Santiago, Francis S. Santiago, and Cecilia B. Santiago ("Defendants"). On June 21, 2010, Defendants removed the action to this Court on federal question grounds. On July 8, 2010, this Court remanded the case back to state court, *sua sponte*, for lack of subject matter jurisdiction. Defendants, however, filed a second notice of removal on October 13, 2010, claiming that there is both a federal question and diversity between the parties. The Court remands again for lack of subject matter jurisdiction.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The Court observes, first, that there is no federal question jurisdiction here. The presence or absence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

js-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7637 PSG (JEMx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust, NA v. Emeterio Santiago, *et al.* | | |

face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leashold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Here, Plaintiff's one cause of action is for unlawful detainer under state law. Thus, no federal question was presented on the face of the Complaint the first time the case was removed to federal court, and no federal question is present now.

Although the Defendants raises the Truth in Lending Act, among other federal laws, in defense, the Court lacks jurisdiction over those as well. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Rec. Programs,* 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removability of a case.").

Finally, the Court observes that there is no diversity jurisdiction here. Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *See Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332. "Complete diversity" means that all plaintiffs must have citizenship different than all defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). Despite Defendants' statement that this Court has diversity jurisdiction, the Court disagrees for two reasons. First, there does not appear to be complete diversity between the parties; Plaintiff has its principal place of business in Irvine, California and Defendants are likely citizens of California. *See Compl.* ¶ 1. Second, the amount in controversy does not exceed $75,000. Plaintiff seeks $50 for each day Defendants have unlawfully remained on the property, an amount not currently exceeding $20,000. *See Compl.* ¶ 10. Although Defendants insist that the amount in controversy is actually the value of the property, or $390,000, *Notice of Removal* ¶ 16, the Court notes that Plaintiff owns the property as a result of a foreclosure sale, *Compl.* ¶ 4. Thus, Plaintiff is not seeking ownership of the home, but only the eviction of Defendants. As a result, Defendant has not carried the burden of establishing subject matter jurisdiction based on diversity. *See Gaus,* 980 F.2d at 566.

For the foregoing reasons, then, the Court REMANDS this action to state court for lack of

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**js-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-7637 PSG (JEMx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust, NA v. Emeterio Santiago, *et al.* | | |

subject matter jurisdiction.

**IT IS SO ORDERED.**



**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| WESTERN DIVISION | SOUTHERN DIVISION |
|---|---|
| 312 North Spring Street, Room G-8 | 411 West Fourth Street, Suite 1053 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 |
| Tel: (213) 894-3535 | (714) 338-4750 |

**TERRY NAFISI**
District Court Executive and
Clerk of Court

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Re: Case Number: _____

Previously Superior Court Case No. _____

Case Name: _____

Dear Sir / Madam:

Pursuant to this Court's ORDER OF REMAND issued on _____, the above-referenced case is hereby remanded to your jurisdiction.

Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to our office. Thank you for your cooperation.

Respectfully,

Clerk, U. S. District Court

By: _____
     Deputy Clerk

☐ Western   ☐ Eastern   ☐ Southern Division

*cc: Counsel of record*

===============================================================================

Receipt is acknowledged of the documents described herein.

Clerk, Superior Court

By: _____
     Deputy Clerk

_____
Date

CV - 103 (09/08)          **LETTER OF TRANSMITTAL - REMAND TO SUPERIOR COURT (CIVIL)**